NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| JULIO LEONEL DONIS-BARRIENTOS, | ) ) ) | No. 15-72670 |
| | ) | Agency No. A205-843-774 |
| Petitioner, | ) | |
| | ) | MEMORANDUM* |
| v. | ) ) | |
| WILLIAM P. BARR, Attorney General, | ) ) ) | |
| | ) | |
| Respondent. | ) ) | |
| | ) | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 4, 2019**
Pasadena, California

Before: FERNANDEZ and OWENS, Circuit Judges, and DONATO,*** District
Judge.

Julio Leonel Donis-Barrientos, a native and citizen of Guatemala, petitions

---

*This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**The panel unanimously finds this case suitable for decision without oral
argument. Fed. R. App. P. 34(a)(2).

***The Honorable James Donato, United States District Judge for the
Northern District of California, sitting by designation.

for review of the Board of Immigration Appeals' (BIA) denial of his application for asylum,[1] withholding of removal,[2] and Convention Against Torture (CAT)[3] relief. We deny the petition.

(1) The BIA's determination that an alien is not eligible for asylum must be upheld if "'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" *INS v. Elias-Zacarias*, 502 U.S. 478, 481, 112 S. Ct. 812, 815, 117 L. Ed. 2d 38 (1992). "It can be reversed only if the evidence presented . . . was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." *Id.*; *see also Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). When an alien seeks to overturn the BIA's adverse determination, "he must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *Elias-Zacarias*, 502 U.S. at 483–84, 112 S. Ct. at 817; *see also Ling Huang v. Holder*, 744 F.3d 1149, 1152 (9th Cir. 2014). When an asylum claim is involved, an alien must show either past persecution or a well-founded fear of future

---

[1] 8 U.S.C. § 1158(a)(1).

[2] 8 U.S.C. § 1231(b)(3)(A).

[3] United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, *adopted* Dec. 10, 1984, S. Treaty Doc. No. 100-20 (1988), 1465 U.N.T.S. 85, implemented at 8 C.F.R. § 1208.18.

persecution that is "subjectively genuine and objectively reasonable." *Fisher v. INS*, 79 F.3d 955, 960 (9th Cir. 1996) (en banc); *see also Gu v. Gonzales*, 454 F.3d 1014, 1019 (9th Cir. 2006).

Donis has not met this burden. He submitted no evidence that he was personally persecuted in Guatemala at any time. Nor has he shown a well-founded fear of future persecution. For example: His suggestion that he might be persecuted in the future rests upon his claim that he is a member of a social group[4] comprised of "young Guatemalan men who are relatives of gang members and are targets of government authorities as part of a social cleansing due to their family relationships." In the first place, the evidence does not compel a determination that there is "social cleansing" of the type he mentions in Guatemala. More importantly, as the BIA stated, that proposed group is "too amorphous to constitute a social group." *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010) (per curiam); *Barrios v. Holder*, 581 F.3d 849, 855 (9th Cir. 2009); *see also Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1228–29 (9th Cir. 2016). And the fact that Donis' brother was murdered by some unknown person (if, indeed, he was murdered), does not compel a determination that Donis will be targeted for persecution if he returns to Guatemala. Random criminal violence is not sufficient

---

[4]*See* 8 U.S.C. § 1101(a)(42)(A) (A "well-founded fear of persecution on account of . . . membership in a particular social group" may be a basis for relief.).

3

to support a well-founded fear. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010); *Lolong v. Gonzales*, 484 F.3d 1173, 1179–81 (9th Cir. 2007) (en banc). In short, on this record a finding of well-founded fear was not compelled. *See Elias-Zacarias*, 502 U.S. at 481 n.1, 112 S. Ct. at 815 n.1.

(2)    Because the BIA properly determined that Donis did not meet the requirements for a grant of asylum, it correctly determined that he did not meet the requirements for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006); *Pedro-Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir. 2000); *Fisher*, 79 F.3d at 965.

(3)    There is no evidence in the record that would compel a determination that it is more likely than not that Donis would be tortured in Guatemala by or with the acquiescence of government officials. Thus, he is not entitled to CAT relief. *See Delgado-Ortiz*, 600 F.3d at 1152; *Wakkary v. Holder*, 558 F.3d 1049, 1067–68 (9th Cir. 2009).

Petition DENIED.